IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO GARCIA,<br><br>    Plaintiff,<br><br>    v.<br><br>REZA SAFFARIAN,<br><br>    Defendant. | Case No. 21-cv-06451-MMC<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION FOR ORDER FOR PUBLICATION OF SUMMONS; DEFERRING RULING ON ORDER TO SHOW CAUSE; DIRECTIONS TO PLAINTIFF** |

By order filed February 7, 2022, the Court directed plaintiff Orlando Garcia ("Garcia") to show cause why the above-titled action should not be dismissed for failure to prosecute. (See Doc. No. 10 ("February 7 Order to Show Cause").) On February 25, 2022, Garcia filed both a Response, whereby he asserts he has been unable to serve defendant Reza Saffarian ("Saffarian") (see Doc. No. 12), and an Application, whereby he seeks a court order authorizing service by publication (see Doc. No. 13). Having read and considered the papers filed in support of the Response and the Application, the Court rules as follows.

**A. Legal Standard**

Under Rule 4(e)(1) of the Federal Rules of Civil Procedure, an individual defendant may be served with process in accordance with the law "in the state where the district court is located or where service is made." California law, in turn, provides that "[a] summons may be served by publication if upon affidavit it appears to the satisfaction of the court . . . [1] that the party to be served cannot with reasonable diligence be served in another manner specified in this article and [2] that . . . [a] cause of action exists against the party upon whom service is to be made." See Cal. Code Civ. P. § 415.50(a).

**B. Reasonable Diligence**

Garcia has submitted a declaration from his counsel, along with supporting exhibits, describing his attempts to serve process on Saffarian in the following manner. By using a skip tracing database and a property database search engine (see Decl. of Christopher A. Seabock in Supp. of Appl. to Serve by Publication ("Seabock Decl.") ¶ 3), he discovered "Saffarian owns the real property . . . upon which the business 'EZ Laundry' operates," and also obtained a mailing address and two e-mail addresses listed for Saffarian (see id. ¶¶ 4-5). He then hired a process server, who, on numerous occasions, unsuccessfully attempted to effectuate service at the mailing address (see id. ¶ 6, Ex. 1), as to the last of which the process server noted: "I spoke with a neighbor who says subject resides. It was reported the family is out of the Country and does not know when they will return." (See id. Ex. 1 at 4 ("Declaration of Non Service").) Thereafter, he sent notices of acknowledgment and receipt to Saffarian's mailing address and the two e-mail addresses. (See id. ¶¶ 7-8, Exs. 2-3.) Based on the above, said counsel asserts Saffarian's "whereabouts are currently unknown[,] and counsel has been unable to locate any additional addresses for [Saffarian]." (See id. ¶ 9.)

To determine whether a plaintiff has exercised "reasonable diligence," a court must examine whether the plaintiff "took those steps which a reasonable person who truly desired to give notice would have taken under the circumstances." See Donel, Inc. v. Badalian, 87 Cal. App. 3d 327, 333 (1978). Reasonable diligence "denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." See Kott v. Superior Court, 45 Cal. App. 4th 1126, 1137 (1996). "Before allowing a plaintiff to resort to service by publication, . . . courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice." Watts v. Crawford, 10 Cal. 4th 743, 479 n.5 (1995) (internal quotation and citation omitted).

Here, although Garcia has shown more than a cursory effort to serve, entitlement to service by publication requires, as noted, a showing of "exhaustive attempts to locate

the defendant," see id., and, as discussed below, Garcia has failed to make the requisite showing.

First, there is no indication that Garcia, either with or without professional assistance, has sought out, let alone consulted, any other "likely sources of information" that "must be searched before resorting to service by publication," including Saffarian's "relatives, friends, . . . acquaintances, or . . . employer." See Kott, 45 Cal. App. 4th at 1137; see also Castiollo-Antonio v. Azurdia, Case No. C-13-05709 DMR, 2014 WL 7206609, at *4 (N.D. Cal. Dec. 18, 2014) (noting "hiring a private investigator is one of the measures a plaintiff should take before requesting service by publication").

Further, although Garcia asserts Saffarian owns the property on which EZ Laundry operates, he has not attempted service at that location, personal or otherwise, see Cal. Code Civ. P. § 415.20(b) (providing procedure for substituted service), nor has he asked EZ Laundry employees or other persons present at that location about Saffarian's whereabouts, see Garcia v. Clement-Rorick, Case No. 21-cv-05037-TSH, 2022 WL 137630, at *2 (N.D. Cal. Jan. 14, 2022) (denying request for service by publication where plaintiff did not attempt service at business owned by defendant).[1]

Lastly, Garcia's counsel has only recently attempted to serve Saffarian by mail, and the deadline has not yet passed for Saffarian to return the acknowledgment of receipt without becoming liable for costs of service.  (See Seabock Decl. ¶ 7-8 (asserting counsel sent notices of acknowledgment and receipt on February 23, 2022)); see also Cal. Code Civ. P. § 415.30 (providing 20-day deadline for defendant to return acknowledgment form without becoming liable for costs of service).

Accordingly, Garcia has not established reasonable diligence in attempting to serve process on Saffarian.

---

[1] Although, from the record presented thus far, it is not clear whether Saffarian owns EZ Laundry or only the property on which it is located, "it seems reasonable to attempt service there" or at least "learn of [his] whereabouts by asking employees and other present." See id.

3

**C. Affidavit Supporting Cause of Action**

"An application for an order of publication must be accompanied by an affidavit stating facts from which the trial court can draw the conclusion that the plaintiff has a cause of action against the defendant." Rios v. Singh, 65 Cal. App. 5th 871, 884 (2021). "This is a jurisdictional prerequisite to the issuance of an order of publication." Id.

Here, as noted, Garcia has submitted a declaration from his counsel in support of the instant application. The declaration, however, contains no "independent evidentiary support, in the form of a sworn statement of facts, to support a cause of action against [Saffarian]," see Castillo-Antonio v. Azurdia, Case No. C-13-05709 DMR, 2014 WL 4060219, at *2 (N.D. Cal. Aug. 14, 2014) (internal quotation and citation omitted), nor does Garcia's counsel purport to have "personal knowledge" of those facts, see Malachowski v. Doheny, Case No. 21-cv-05751-VKD, 2021 WL 5991680, at *2 (N.D. Cal. Nov. 30, 2021) (noting "affidavit in support of . . . request for service by publication must state facts based on personal knowledge and not on mere hearsay" (internal quotation and citation omitted)).

Accordingly, Garcia has not shown by affidavit that a cause of action exists against Saffarian.

**D. Conclusion**

For the reasons stated above, Garcia's application is hereby DENIED. Such denial, however, is without prejudice. Additionally, the Court DEFERS ruling on its February 7 Order to Show Cause, to afford Garcia a further opportunity to effectuate service by serving Saffarian, no later than April 6, 2022, with a copy of the summons and complaint, and to file, no later than April 7, 2022, proof of such service.

**IT IS SO ORDERED.**

Dated: March 4, 2022

MAXINE M. CHESNEY
United States District Judge